Nov. Term, 1861.

SEVERSON
v.
MOORE.

---

SEVERSON and Another *v.* MOORE.

Suit to foreclose a mortgage by an assignee holding two, of three, mortgage notes. The defendant answered, that the assignee of the second note, being a person other than the plaintiff, had sued and obtained judgment for the amount, and for foreclosure, &c.; no record of the judgment was filed with, or made a part of, the answer.

*Held*, that the answer was bad, and that a demurrer thereto was correctly sustained.

APPEAL from the *Tippecanoe* Common Pleas.

HANNA, J.—Suit on notes, and to foreclose a mortgage.

*Wednesday, December 4.*

Nov. Term, **1861.**

Answer: denial; payment; set-off; and former recovery on the same mortgage. Reply: denying the payment, and admitting the set-off. Demurrer to the fourth paragraph of the answer sustained; which presents the only point made. It appears that the mortgage was given to secure three notes, of even date, but payable at different days; they were all assigned, the second to a person other than the plaintiff, who sued and, it is alleged, had judgment for the amount and for foreclosure. The answer relies on this proceeding as a merger of the mortgage contract in said judgment. To have enabled us to have passed upon that point, the record of the judgment should have been filed with, or made a part of, the answer. It was not done, and, consequently, the demurrer thereto was correctly sustained.

The appellee confesses that an error occurred in taking a personal judgment against the wife, who signed the mortgage, but not the notes.

*Per Curiam.*—For the error confessed, so much of the judgment is reversed; but the balance is affirmed, at the costs of the appellee.

*George Gardner*, for the appellants.
*W. C. Wilson*, for the appellee.